**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Elias CABALLERO-GONZALEZ, Defendant-Appellant.**

No. 17-50087

United States Court of Appeals, Ninth Circuit.

---

Submitted July 11, 2017 *

Filed July 17, 2017

Daniel Earl Zipp, Assistant U.S. Attorneys, Office of the US Attorney, San Diego, CA, for Plaintiff-Appellee

Timothy Garrison, Trial Attorney, Kristi A. Hughes, Michael Marks, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant-Appellant

Before: CANBY, KOZINSKI, and HAWKINS, Circuit Judges.

### MEMORANDUM **

Elias Caballero-Gonzalez appeals from the district court's judgment and challenges the 10-month sentence imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Caballero-Gonzalez contends that the district court procedurally erred by failing to respond to his sentencing arguments and explain the sentence adequately. We review for plain error, see United States v. Valencia-Barragan, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record reflects that the district court considered Caballero-Gonzalez's arguments and sufficiently explained its reasons for imposing the sentence. See United States v. Carty, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc). Furthermore, the record belies Caballero-Gonzalez's contention that the district court impermissibly imposed the custodial sentence in order to promote his rehabilitation in violation of

Tapia v. United States, 564 U.S. 319, 131 S.Ct. 2382, 180 L.Ed.2d 357 (2011). Rather, the record reflects that the district court granted Caballero-Gonzalez's request to complete residential drug treatment upon his release from custody, and invited probation to seek a sentence modification if it appeared that Caballero-Gonzalez's admission to the facility would be delayed.

Caballero-Gonzalez next contends that the sentence is substantively unreasonable. The significantly below-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances. See Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.